UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL D. FLOYD,

        Petitioner,

v.                                    CASE NO. 07-12092
                                    HONORABLE MARIANNE O. BATTANI

JEFF WHITE,

        Respondent.
_____/

## **OPINION AND ORDER DENYING HABEAS CORPUS PETITION**

Petitioner Michael D. Floyd has filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254. The habeas petition challenges Petitioner's plea-based convictions for felonious assault and breaking and entering a vehicle. Respondent Jeff White urges the Court through counsel to deny the habeas petition. The Court agrees with Respondent that Petitioner's claims lack merit and do not warrant granting the writ of habeas corpus. Therefore, the habeas petition will be denied.

### **I. Background**

Petitioner was charged in Saginaw County, Michigan with felonious assault and third-degree home invasion. The case arose from a home invasion on October 29, 2002, at 1426 Lapeer Avenue in Saginaw, Michigan where Petitioner's wife was living. Petitioner entered the residence through a window and assaulted his wife with a knife. In an unrelated case arising from an incident that occurred on April 14, 2003, Petitioner was charged with breaking and entering a vehicle, causing damage. On July 22, 2003, he pleaded guilty to felonious assault, Mich. Comp. Laws § 750.82, and breaking and entering a vehicle with damage to the vehicle,

Mich. Comp. Laws § 750.356a. He also acknowledged being a habitual offender. In return, the prosecutor dismissed the home invasion count, and the trial court agreed not to sentence Petitioner to more than the sentence recommended under the sentencing guidelines.

On September 10, 2003, the trial court sentenced Petitioner within the sentencing guidelines to imprisonment for fifty-eight months (four years, ten months) to fifteen years for the assault conviction and to a concurrent term of 34 months (two years, ten months) to fifteen years for the breaking and entering conviction. The court also ordered Petitioner to pay $970.87 in restitution and $120.00 to the Crime Victims' Rights Fund.

Petitioner filed a *pro se* application for leave to appeal in which he alleged that the trial court exceeded the sentencing guidelines on the basis of a letter that Petitioner's wife wrote to the trial court after the plea. The Michigan Court of Appeals dismissed the *pro se* application for failure to pursue the case in conformity with the court rules. *See People v. Floyd*, No. 251118 (Mich. Ct. App. Nov. 13, 2003).

In a subsequent appeal filed through counsel, Petitioner alleged that the trial court violated his right to due process by disregarding the sentencing agreement and sentencing him to imprisonment. The Michigan Court of Appeals denied leave to appeal for lack of merit in the ground presented. *See People v. Floyd*, No 255650 (Mich. Ct. App. July 19, 2004).

Petitioner subsequently filed a motion for relief from judgment in which he raised all his habeas claims. The trial court found no merit in Petitioner's claims and denied his motion in a reasoned opinion. The Michigan Court of Appeals denied leave to appeal the trial court's decision on the ground that Petitioner had failed to establish entitlement to relief. *See People v. Floyd*, No. 264947 (Mich. Ct. App. Mar. 9, 2006). On August 29, 2006, the Michigan Supreme

Court denied leave to appeal for the same reason. *See People v. Floyd,* 476 Mich. 864; 720 N.W.2d 304 (2006).

Petitioner filed his habeas corpus petition on May 14, 2007. The grounds for relief read:

1. Denied counsel at a critical stage;

2. Petitioner Floyd was ordered to pay restitution as part of his prison sentence;

3. Disregarding sentence recommendation and illusory plea; and

4. Ineffective assistance of trial counsel and appellate counsel.

Because Petitioner did not file a supporting brief, the Court has looked to the state court record to understand his claims.

## II. Procedural Default and Petitioner's Motion to Strike

### A. Procedural Default

Respondent argues through counsel that Petitioner's claims are barred from review by his failure to raise the claims on direct appeal. Petitioner replies that his appellate counsel was "cause" for his procedural default of failing to raise all his claims on direct appeal.

Petitioner's claims lack merit and procedural default is not a jurisdictional bar to substantive review of a meritless claim. *Howard v. Bouchard*, 405 F.3d 459, 476 (6th Cir. 2005), *cert. denied*, 546 U.S. 1100 (2006); *Hudson v. Jones*, 351 F.3d 212, 215 (6th Cir. 2003) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)). Therefore, the Court will excuse the alleged procedural default and address the merits of Petitioner's claims.

### B. The Motion to Strike

Petitioner has moved to strike Respondent's answer to the habeas petition for failure to file a timely response. Respondent filed his answer to the habeas petition on November 28,

3

2007, along with a motion to file the answer *instanter*. The answer and motion were filed two days after the deadline for filing a responsive pleading. On December 4, 2007, United States Magistrate Judge R. Steven Whalen granted Respondent's motion to file the answer *instanter*.

Under Federal Rule of Civil Procedure 6(b)(1)(B), a party who moves for an extension of time after the specified time has expired must show "excusable neglect." Respondent's attorney stated that she needed additional time to file a responsive pleading due to her extensive workload during November of 2007. The Court is satisfied that Respondent demonstrated "excusable neglect" for the delay in filing a responsive pleading. Accordingly, Petitioner's motion to strike Respondent's answer to the habeas petition [Doc. 8, Dec. 19, 2007] is DENIED. The Court will proceed to address Petitioner's claims, using the following standard of review.

### III. Standard of Review

Petitioner is entitled to the writ of habeas corpus only if he can show that the state court's adjudication of his claims on the merits–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court's decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court's decision is an "unreasonable application of" clearly established federal law "if the state court

4

identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

"[A]n *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Id*. at 410 (emphasis in original). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409.

"Avoiding these pitfalls does not require citation of [Supreme Court] cases – indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002) (*per curiam* opinion) (emphasis in original). Furthermore, section "2254(d) dictates a highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (quotation marks and citations omitted). In addition, "state findings of fact are presumed to be correct unless the defendant can rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1)." *Baze v. Parker*, 371 F.3d 310, 318 (6th Cir. 2004).

### IV. Discussion

### A. Denial of Counsel

The first habeas claim alleges that Petitioner was denied counsel at a critical stage of the proceedings, namely, the preliminary examination. Although counsel was not appointed for Petitioner in the breaking-and-entering case, the trial court concluded on review of Petitioner's claim that, denial of court-appointed counsel was appropriate. The trial court noted that Petitioner had informed the Office of Assigned Counsel in 2003 that he and his wife were back

5

together. In addition, there was evidence that Petitioner's wife was employed and able to contribute to Petitioner's legal costs. The trial court concluded that there was no merit in the claim that the subsequent plea was invalid and had to be set aside.

This Court finds that Petitioner waived his claim about the preliminary examination when he pleaded guilty. As explained in *Tollett v. Henderson*, 411 U.S. 258, 267 (1973),

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Simply stated, "[a] voluntary and unconditional guilty plea waives all nonjurisdictional defects in the proceedings." *United States v. Ormsby*, 252 F.3d 844, 848 (6th Cir. 2001). Accordingly, Petitioner has no right to relief on the basis of his first claim.

### B. Restitution

The second habeas claim alleges that Petitioner was not informed prior to the pronouncement of sentence that he would have to pay restitution. The trial court addressed this claim and ruled that it had the authority to impose restitution and that Petitioner was not entitled to have the restitution order eliminated from the judgment of sentence.

A plea must be a voluntary, knowing, and intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must be aware of the direct consequences of the plea, *Riggins v. McMackin*, 935 F.2d 790, 795 (6th Cir. 1991), and the maximum sentence that can be imposed, *King v. Dutton*, 17 F.3d 151, 154 (6th Cir. 1994).

> The rule that a plea must be intelligently made to be valid does not require that a plea be vulnerable to later attack if the defendant did not correctly assess every

> relevant factor entering into his decision. A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case or the likely penalties attached to alternative courses of action.

*Brady*, 397 U.S. at 757.

Petitioner was informed of the maximum prison term for the charged crimes, but he was not informed at the plea that he would have to pay restitution. However, restitution is mandatory in Michigan in addition to any other penalty. *People v. Ronowski*, 222 Mich. App. 58, 61; 564 N.W.2d 466, 467 (1997). Consequently, Petitioner cannot claim that he did not know restitution would be ordered. "[D]efendants are on notice that restitution will be part of their sentences." *Id.*

### C. The Sentence Recommendation

The third habeas claim alleges that the sentencing recommendation was disregarded and that the plea bargain was illusory. Specifically, Petitioner claims that he was promised treatment for his drug addiction in lieu of incarceration and that he was charged improperly with third-degree home invasion of his own home.

The trial court stated on review of this claim that it had imposed a sentence within the guidelines range, as promised, and that it had found no sound basis for departing downward from the guidelines in light of Petitioner's prior convictions and drug history. As for the allegation that the plea was illusory, the trial court stated that this claim lacked merit and was waived by entry of the guilty plea.

#### 1. Treatment vs. Incarceration

Although promises made to induce a plea must be fulfilled, *Santobello v. New York*, 404 U.S. 257, 262 (1971), the record belies Petitioner's claim that he was promised treatment instead

of a prison term. The only agreement regarding the sentence was that the trial court would not exceed the sentencing guidelines and that it "would not foreclose [it]self from sentencing [Petitioner] to a lower amount, particularly if . . . there was some involvement in being addictive to drugs" and "there was evidence that somebody was serious about trying to get their life straightened around and get beyond that." (Tr. July 22, 2003, at 4). The court went on to say that Petitioner's status as a habitual offender, fourth offense, weighed against him. When Petitioner's wife asked the trial court to "lower the standards" and require Petitioner to "seek some type of counseling and treatment that would benefit him," the trial Court responded, "Okay. Well, that helps me to get a feeling of what's appropriate here, so I appreciate your coming forward." *Id*. at 5. The trial court did not promise treatment in lieu of incarceration, and Petitioner assured the trial court that no other promises had been made to induce him to plead guilty. The Court therefore finds no merit in Petitioner's claim that the sentencing recommendation was disregarded.

## 2. Illusion

Petitioner alleges that the promise to dismiss the home invasion charge rendered his plea bargain illusory because the home he supposedly invaded was his legal address. His wife, however, testified at the preliminary examination that Petitioner had moved out of the household two or three weeks before the incident in which he assaulted her. She denied living with Petitioner at the time of the assault, and she stated that she did not allow him to enter the home. (Tr. Nov. 20, 2002, at 5-6 and 10.) The Court concludes from this testimony that there was a factual and legal basis for the home invasion charge and, therefore, the dismissal of that count did not render Petitioner's plea illusory.

### D. Counsel

The fourth and final habeas claim alleges that Petitioner's trial and appellate attorneys were ineffective. The trial court reviewed this claim on the merits and concluded that there was no error in either the plea or sentencing proceedings that could form a basis for a claim of ineffective assistance of trial or appellate counsel.

To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington,* 466 U.S. 668, 687 (1984). In guilty plea cases, the "performance" prong requires showing that defense counsel's representation fell below an objective standard of reasonableness or was outside the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart*, 474 U.S. 52, 56-59 (1985). The "prejudice" prong requires demonstrating that defense counsel's constitutionally ineffective performance affected the outcome of the plea process. *Id.* at 59. The petitioner must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

#### 1. Trial Counsel

Petitioner alleges that his trial attorney was unprepared for the preliminary examination and failed to retrieve records demonstrating that 1426 Lapeer Avenue was Petitioner's home. Petitioner further alleges that defense counsel neglected to investigate the absence of counsel at the preliminary examination for the 2003 incident. Petitioner also states that defense counsel misinformed him about the value of the plea bargain and failed to state the sentence recommendation on the record.

9

Defense counsel cross-examined Petitioner's wife at the preliminary examination in the assault case. Counsel also opposed the prosecution's motion to amend the information to add a count of home invasion. Although counsel apparently did not retrieve records demonstrating that the home invasion occurred at Petitioner's legal residence, counsel did question Petitioner's wife as to whether Petitioner was living with her at the time and she denied that they were living together.

Petitioner has not shown how his attorney's other omissions prejudiced him. Defense counsel negotiated a favorable plea agreement, which resulted in the dismissal of one count and required the trial court to sentence Petitioner within the sentencing guidelines or to depart downward. Although no one stated the sentencing guidelines on the record, Petitioner was sentenced within the guidelines range to minimum terms of less than five years in prison and maximum terms of fifteen years. The trial court stated at the plea that, as a fourth habitual offender, Petitioner faced the possibility of serving a life sentence. The Court concludes that defense counsel's performance was not deficient and that the alleged deficiencies did not prejudice Petitioner.

### 2. Appellate Counsel

Petitioner alleges that his appellate attorney did not know the details of his two cases, that counsel should have moved to withdraw Petitioner's guilty plea, and that he failed to raise meritorious issues on appeal. An appellate attorney need not raise every nonfrivolous argument on appeal if counsel decides not to press those points as a matter of professional judgment. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Jones v. Barnes*, 463 U.S. 745, 751 (1983). Moreover,

> it is difficult to demonstrate that an appellate attorney has violated the performance prong [of the *Strickland* test] where the attorney presents one argument on appeal rather than another. *Smith v. Robbins*, 528 U.S. 285, 289 (2000). In such cases, the petitioner must demonstrate that the issue not presented 'was clearly stronger than issues that counsel did present.' *Id*. at 289.

*Caver v. Straub*, 349 F.3d 340, 348 (6th Cir. 2003). "Counsel's failure to raise an issue on appeal is ineffective assistance only if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal." *Howard v. Bouchard*, 405 F.3d at 485 (citing *Greer v. Mitchell*, 264 F.3d 663 (6th Cir. 2001)).

The record indicates that Petitioner pressed his appellate attorney to raise the issue about the sentencing agreement on direct appeal. There is not a reasonable probability that inclusion of the other issues raised in the habeas petition would have changed the result of the appeal, for the trial court found no merit in them. "[A]ppellate counsel cannot be ineffective for a failure to raise an issue that lacks merit." *Greer*, 264 F.3d at 676.

## V. Conclusion

The trial court's rejection of Petitioner's claims on the merits did not result in a decision that was contrary to, or an unreasonable application of, Supreme Court precedent or an unreasonable determination of the facts. Therefore, the habeas corpus petition [Doc. 1, May 14, 2007] is DENIED. Petitioner's motion to strike Respondent's answer [Doc. 8, Dec. 19, 2007] likewise is DENIED.

Dated: May 6, 2008

s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon Michael D. Floyd, and Debra Gagliardi via ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Deputy Clerk